UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SCOTT JONES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Civ. Case No. 2:25-cv-03721-MCS<br>Crim. Case No. 5:20-cr-00186-MCS-1<br><br>**ORDER RE: LETTERS (ECF NOS. 148–50);[1] ORDER TO SHOW CAUSE** |

---

[1] All ECF references pertain to the docket in Mr. Jones's criminal case.

1

1    This matter is proceeding on a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence filed in the name of Timothy Scott Jones. (Mot., ECF No. 134.) Mr. Jones submitted two handwritten letters dated December 1, 2025. (1st Letter, ECF Nos. 148–49;[2] 2d Letter, ECF No. 150.)[3] Letters to the judge are not authorized. C.D. Cal. R. 83-2.5. The Court has considered the December 1 letters but warns that any further letters will be stricken.

First, Mr. Jones notes the difficulties he encountered in ordering a transcript of the sentencing hearing. (1st Letter; 2d Letter.) The Court directs Clerk's Office staff to review the letter and respond appropriately.

Second, Mr. Jones reports that the institution in which he is incarcerated remains on lockdown. (1st Letter.) Good cause appearing, the Court again extends Mr. Jones's time to either notify prior counsel of his objections to counsel's declaration or withdraw his ineffective assistance claims until 30 days after entry of this Order.

Third, Mr. Jones asks for leave to amend his § 2255 motion after the lockdown ends. (1st Letter.) The request is denied without prejudice to renewal. Requests for leave to amend generally must be accompanied by the proposed amended document. C.D. Cal. R. 15-1; *see also James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001) (applying rules governing amendments to pleadings to habeas petitions). The Court notes that over one year has passed since the date on which Mr. Jones's judgment of conviction became final, 28 U.S.C. § 2255(f)(1), so any proposed amended motion must relate back to the original motion, Fed. R. Civ. P. 15(c)(1), and must not "assert[] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Fourth, in connection with his request for leave to amend, Mr. Jones appears to admit that he paid a paralegal to prepare his original § 2255 motion, and that the motion

---

[2] Two copies of the first letter have been uploaded to the criminal docket.
[3] The Court directs the Clerk to file the letters in the civil docket.

2

was filed "w/out speaking w/me." (1st Letter.) Consistent with this representation, Mr. Jones did not sign the motion under penalty of perjury, as is required by Federal Rule of Civil Procedure 11(a) and Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Having called the omission to Mr. Jones's attention, the Court must strike the motion unless Mr. Jones promptly corrects the omission. Fed. R. Civ. P. 11(a). Mr. Jones shall do so within 30 days after entry of this Order. The Court warns Mr. Jones that his ability to pursue collateral relief may be affected by this omission; if the original motion is stricken, or if Mr. Jones cannot sign the motion under penalty of perjury because it was prepared without his input, then there will be no pleading to which any amended motion might relate back.

**IT IS SO ORDERED.**

Dated: December 15, 2025

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE